which time the mules had neither food nor water; the defendant in error nor any agents of his was with the train. There was no apparent injury or damage to the mules caused by the accident to the train. When the mules arrived at Americus, which was at 2 o'clock A. M., they were delivered to defendant in error. On the next morning, after sunrise, it was discovered that some of them were stiff and foundered. The mules had been watered and fed by defendant in error after they had been delivered in Americus. It requires but little experience or knowledge for one to determine what caused the founder and stiffness to these mules. Being deprived of food and water by the inattention of the owner, whose duty it was, under the contract, to have supplied them, for more than twenty-four hours, when they were allowed the free use of the same by the defendant in error, it is quite probable that this caused the stiffness and founder. How, then, can the railroad company be liable? What did it do or fail to do, under the facts of this case, to render it liable? We are at an utter loss to discover an affirmative answer to these questions. The verdict of the jury is without evidence to support it, and is contrary to the law as applicable to the facts of this case; it is likewise contrary to the principles of justice and equity; and the court should have granted the new trial prayed for in this case.

Judgment reversed.

---

LANDRUM *et ux. vs.* CHAMBERLIN, BOYNTON & COMPANY *et al.*

1. Where an application is made for homestead and exemption by the wife, with consent of the husband, out of his property, and the case is taken to the superior court in its totality, and it is agreed that a *pro hac vice* judge shall try the case:

*Held*, that such judge has jurisdiction to try the whole case, including an application for receiver to take charge of and sell the property in excess of that applied for, under section 2033 *et seq.* of the Code.

2. Where the wife applies, with the consent of the husband, in the

reason and spirit of these sections, he is the applicant, and the power to appoint a receiver of the excess of his property is therein given.

3. It is upon the application for homestead, and not upon its final adjudication, that the receiver may be appointed, and the creditors are not to be delayed until the homestead and exemption are finally set apart.

4. The court does not abuse its discretion or violate law in granting a continuance on the application for homestead and exemption, and yet appointing the receiver at once.

5. Where notice was given the husband, and on his own application he was made a party defendant to the motion for a receiver, such proceedings did not divest the *pro hac vice* judge of his jurisdiction to try that issue, though the husband did not consent, but protested against his sitting.

6. No sufficient reason appears of record to authorize this court to set aside the action of the court below.

December 2, 1884. (Head-notes by the court.)

Homestead. Husband and Wife. Judge. Practice in Superior Court. Receiver. Continuance. Parties. Before F. D. DISMUKE, Esq., Judge *pro hac vice.* Fayette Superior Court. March Term, 1884.

"Mrs. Lucinda J. Landrum, wife of L. L. Landrum (he refusing to claim a homestead)," petitioned for a homestead and exemption out of the property of her husband for the benefit of herself and children. Objections were filed, and the case was appealed, by consent, to the superior court. When it was called in that court, the presiding judge being disqualified, counsel for both sides agreed that the case should be heard by F. D. Dismuke, Esq., as judge *pro hac vice.* Counsel for the applicant moved for a continuance, on the ground of her sickness, and was proceeding to make a legal showing, when counsel for the creditors stated that they would not require a formal showing, and admitted that the applicant was sick, but stated that they had a motion to make for the appointment of a receiver, to take charge of the property mentioned in the schedule, which was not in the return of the surveyor, his return not including all of the realty alleged

Landrum *et ux. vs.* Chamberlin, Boynton & Company *et al.*

to belong to the applicant's husband. Counsel for the applicant objected to this, on the ground that the whole case should be continued together, and that the petition for the appointment of the receiver should not be heard before the main case. This objection was overruled by the court. The applicant then objected to the appointment of the receiver, on the following grounds:

(1.) Because the huband of the applicant was no party to the proceedings.

(2.) Because the application for homestead has not been disposed of, but is now pending, and the creditors moving for a receiver are now objecting to the grant thereof.

(3.) Because the appointment of a receiver and a sale of the property before her homestead and exemption are allowed may defeat her right thereto, because all the property of her husband, the homestead property included, is claimed by the creditors as incumbered; and she cannot say what may be the result; the property in the plat may be found not subject to her claim, and if so, she will lose all right, under the law, to a homestead; and a receiver should not be appointed or any of the property sold until she secures her homestead by a final judgment of the court.

(4.) Because the creditors asking for the appointment of a receiver are not creditors of her husband, but have transferred their claims to Matthew Reid; and her husband has filed a bill in Campbell superior court and obtained an order restraining said Reid and the officers from enforcing the same, having been fully paid off by her husband.

(5.) Because the court has no jurisdiction of said proceedings, the property not belonging to applicant, but to her husband, who is no party to said proceedings.

(6.) Because all claims against her husband are in judgment, and if valid and legal, are liens on the property, and none of the parties holding such claims are parties to this motion; therefore the appointment of a receiver and

the sale of the property will result in a sacrifice of it, and the creditors will get it for nothing; these judgments are older than the application for homestead, and were then and are now levied upon said land.

On demurrer, the court struck these objections. Landrum, the husband of the applicant, then moved to be made a party to the proceedings, appearing by counsel other than that of the applicant, and an order was passed making him a party. He objected to having Mr. Dismuke preside as judge *pro hac vice*, alleging that he had never consented thereto. This objection was overruled. He then objected to the appointment of the receiver, on the same grounds as already urged by his wife. The objections were again stricken on demurrer, and a receiver was appointed. Thereupon both Landrum and his wife excepted.

P. H. BREWSTER; ROAN & ROSSER; A. C. KING, for plaintiffs in error.

THOS. W. LATHAM, for defendants.

JACKSON, Chief Justice.

The syllabus contains the principles of law decided in this case, and, with the aid of the report of the facts, indicates quite clearly what is ruled.

Judgment affirmed.

---

LESTER, guardian, *vs.* CALLAWAY, executor.

Where a deed described land by metes and bounds, and as being one hundred and sixty-five acres, more or less, all conveyed for a certain sum, and it did not appear that it was sold by the acre, but that a certain tract was sold for a specific sum, and this deed had been accepted, and the plaintiff in error had been in possession of the land for several years, without complaint, on the trial of the issues between the parties before arbitrators, this court cannot say that they made a mistake of law, or even committed error,